### HEERMANCE v. BRIDGMAN.

(Superior Court of New York City, General Term. July 3, 1893.)

HARMLESS ERROR—EXCLUSION OF EVIDENCE.
    A party is not prejudiced by the exclusion of evidence which has already been given by the witness.

Appeal from jury term.

Action by William L. Heermance against Edward C. Bridgman. From a judgment entered on a verdict in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Lester W. Clark, for appellant.
Hunt & Rudd, (James M. Hunt, of counsel,) for respondent.

GILDERSLEEVE, J.   The plaintiff and defendant were oc-
cupants of the building No. 84 Warren street, in the city of New
York.   The plaintiff occupied the lower or store floor, which he
had fitted up for refrigeration by insulating the floors, and running
pipes in connection with machinery that cooled them off, and he
had goods stored there.   The defendant occupied the upper floor
in the same building.   In the month of November, 1890, the goods
stored in the plaintiff's apartments were damaged by water com-
ing from defendant's apartments, and it is to recover damages
for the injuries caused by such overflow of water that the plain-
tiff brought this suit.   The questions of fact as to whether this
injury was caused through the negligence of defendant, whether
defendant omitted to exercise reasonable care to prevent such
overflow, and as to whether there was any fault on the part of the
plaintiff, were properly submitted to the jury by the learned
trial court.   The jury, by their verdict, found that the overflow
occurred through the negligence of defendant, without fault on the
part of plaintiff, and they assessed the damages at $350.   With
this conclusion of the jury the general term will not interfere, as
there is sufficient evidence to sustain the verdict.

There are no errors in the admission or exclusion of evidence of
sufficient weight to warrant a reversal of the judgment.   The court
offered to allow defendant to prove that defendant had directed
the witness Grady, an employe of defendant, to notify Lind, an
employe of the plaintiff, to turn off the stopcock, and that Grady
delivered the message; but the court was right in refusing to
admit mere conversation on the subject between Grady and Lind,
in the absence of both plaintiff and defendant.   The witness Grady
was allowed to testify that he was directed by defendant to tell
Lind to shut off the stopcock, and that he delivered the message to
Lind.   Any presumption of contributory negligence on the part
of plaintiff, arising from this testimony, was properly submitted
to the jury.   There was no error in the ruling of the court in this
regard.   It was only necessary for defendant to show that he had
discharged his duty.   The mere conversation of these two employes
was not material.   Subsequently the court refused to allow Grady
to testify whether or not Lind had promised to turn the water off,
but, as he had already testified that Lind had promised to do so,
the defendant cannot be said to have been prejudiced by the rul-
ing.   The testimony is as follows:   "Question. What did he [Lind]
reply, if anything, when the notice was delivered to him?   An-
swer. He replied that he would do it, and he also replied that he
could not help doing it, because—"   Here the witness was stopped
by the court.

There are no other exceptions of sufficient importance to require
discussion.   Judgment and order appealed from affirmed, with
costs.